## Jakobi v. Ager

*Carol N. Shepherd,* for plaintiff.
*John S. Bagby Jr.,* for defendants.

BERNSTEIN, *J.,* March 7, 2000—This is a claim for psychiatric malpractice deriving from the suicide of plaintiff's decedent shortly after beginning psychiatric treatment with defendant doctors. Discovery in this matter has been contentious; resort to discovery court for enforcement of discovery has resulted in nine orders being issued.

Through discovery, the defense learned that Dr. Arthur V. Stein, a plastic surgeon and a personal friend of the decedent, had prescribed anti-anxiety medication to plaintiff's decedent prior to his visits with defendant doctors. Defendants further learned that Dr. Stein had

previously performed hair loss surgery on plaintiff's decedent. Counsel for defendant, Dr. Ager, contends that Dr. Stein's prior medical treatment of plaintiff's decedent is crucial to the defense of this matter. Dr. Ager and Ager Medical Associates are represented by John S. Bagby Jr. of Bagby and Associates. The Lawyer Stress Center and David L. Rackow M.D. have different counsel, Mr. Joseph Goldberg, of the law firm of Margolis, Edelstein.

Before the court is plaintiff's petition for a protective order precluding the deposition of Dr. Stein and seeking disqualification of counsel because of communications, in violation of Pennsylvania Rule of Civil Procedure 4003.6.

There has been only one appellate decision under Pa.R.C.P. 4003.6. The historical development of Pennsylvania law has direct bearing on the proper ruling under Pa.R.C.P. 4003.6.

Thirty-eight years ago, in the case of *Alexander v. Knight*,[1] the trial court ruled that a treating physician's "confidential or fiduciary" obligation to the patient "includes a duty to refuse affirmative assistance to patient's antagonists in litigation." The Superior Court affirmed, based upon the trial court's opinion.

In *Moses v. McWilliams*,[2] a treating physician agreed to serve as an expert witness for the defendants in a medical malpractice lawsuit brought by his patient against other doctors. The trial court, Judge Stanley Greenberg, entered an order that permitted the treating physician to testify only as a "fact" witness, but precluded testimony as defendant's expert. The precise issue, as articulated

---

1. 197 Pa. Super. 79, 177 A.2d 142 (1962).
2. 379 Pa. Super. 150, 549 A.2d 950 (1988).

by the appellate court in that case, was "Whether a treating physician's unauthorized and judicially unsupervised communications with his patient's adversary in a medical malpractice action are actionable as breach of physician/patient confidentiality." The appellate court held there was no such cause of action, holding that a patient's right to privacy in medical records is a qualified right which is, itself, reduced whenever a civil suit for personal injuries is filed. Further, holding that a witness' absolute immunity from civil liability extended to pretrial communications, the appellate court barred any claim against the testifying treating physician. The Superior Court noted, however: "Allowing ex parte interviews with treating physicians does not open the door to any and every disclosure by a doctor concerning a plaintiff's medical condition. Rather, disclosure should be limited to that which is pertinent and material to the underlying litigation. If disclosures are neither pertinent nor material, they will be inadmissible at trial. Moreover, by issuing protective orders, a court can place restrictions on the scope of medical discovery, without actually prohibiting ex parte interviews." The Superior Court implicitly approved Judge Greenberg's order limiting a treating physician's testimony to the medical care and treatment rendered to the plaintiff.

In addition to Pennsylvania decisions which clearly expressed a public policy discouraging ex parte communications between defense counsel and treating physicians, Rule 4003.6 was specifically anticipated by Chief Judge William J. Nealon. In 1987, in *Manion v. N.P.W. Medical Center of N.E. Pennsylvania Inc.*[3] counsel for a defendant doctor spoke to plaintiff's treating physician

---

3. 676 F. Supp. 585 (M.D. Pa. 1987).

without telling opposing counsel. The court said: "The public policy favoring confidentiality between a physician and his patient compels this court to preclude defense counsel from calling Drs. Ambruso and Kao as expert witnesses at trial." Chief Judge Nealon explained this decision: "In view of (1) the Alexander line of cases, (2) decisions from outside Pennsylvania such as *Petrillo v. Syntex Laboratories Inc.,*[4] *supra,* and *Stempler v. Speidell,*[5] *supra,* and (3) the rationale supporting the prohibition against unauthorized ex parte contacts, *this court believes that the Pennsylvania Supreme Court, if confronted with the issue, would at least require reasonable notice to a plaintiff or his counsel before defense counsel may communicate with plaintiff's treating physician."* (emphasis added)

Pa.R.C.P. 4003.6, approved by the Pennsylvania Supreme Court for effect on July 1, 1991, was specifically designed to codify, in the Rules of Civil Procedure, reasonable limitations upon defense communication with a treating physician. This is accomplished by strictly limiting defense communications to filed discovery, which, of course, requires advance notice. The dual purpose behind the policy and rule is to preclude a treating physician from acting in any adverse capacity to a patient in court, while protecting the right of the defense and the court to obtain full access to truthful testimony concerning past medical care.

In this case, the defense subpoenaed records from Parvin's Pharmacy. Records received on December 21, 1999 revealed that prescriptions for Valium, Tamazepam and Restoril, had been prescribed for plaintiff's dece-

---

4. 148 Ill.App.3d 581, 102 Ill.Dec. 172, 499 N.E.2d 952 (1986).
5. 100 N.J. 368, 495 A.2d 857 (1985).

dent's anxiety by Dr. Stein. Upon obtaining these records, the defense subpoenaed Dr. Stein's records directly. When these records were not readily forthcoming, a paralegal from the defense firm of Bagby and Associates contacted Dr. Stein's office, and attempted to arrange a mutually convenient date for his deposition. When these reasonable requests were ignored, Dr. Stein was personally subpoenaed to a deposition. On January 27, an associate in the firm of Bagby and Associates called Dr. Stein's office. Shortly thereafter, Dr. Stein returned the call. Knowing he was a treating physician whose testimony may be critical, the associate engaged Dr. Stein in a conversation which lasted almost an hour.

At oral argument, counsel for Dr. Ager conceded that the associate knew Dr. Stein was a treating physician and knew of the prohibition against communications with a treating physician other than through properly noticed discovery. Conceding that a violation of the rule has occurred, defense counsel claims no sanction should be imposed because only a "brief" substantive discussion took place; and a "Chinese wall" has been established eliminating the associate from further participation in the matter.

Based upon the affidavits of Dr. Stein presented in this motion, the court concludes that a more extensive substantive conversation occurred in knowing violation of the rule. A significant violation occurred; thus, the question for resolution is, what is the fair and equitable remedy for a violation of this rule? Plaintiff asks for preclusion.

Sanctioning a violation of this rule presents a delicate balance between plaintiff's right to maintain the confidentiality of the medical relationship, on the one hand,

and the sanctity-of-truth finding at trial, including the rights of co-defendants who have not violated the rule.

If Dr. Stein's testimony is as important as counsel for Dr. Ager represents, preclusion of his testimony at trial cannot be a proper remedy. Even if precluded as to Dr. Ager, it is likely that Dr. Stein will be called to testify by Dr. Rackow. Dr. Rackow's defense should not and cannot be punished or even hampered by the activities of co-counsel. Neither preclusion of Dr. Stein's deposition or trial testimony is appropriate. That request is denied. Dr. Stein's testimony, on behalf of the defense, must be permitted at trial; and a properly noticed deposition must go forward, pretrial.

Nonetheless, counsel for Dr. Ager, and Dr. Ager himself, may not be permitted to benefit from their violation. If benefit has been obtained, as it now has, and no functional sanction is imposed, there is, effectively, no rule.

A proper sanction order must fully protect the legitimate rights of the plaintiff to the confidentiality of the treating physician's relationship, must protect the rights of co-counsel to vital defense testimony, and still be an effective punishment, precluding Dr. Ager from receiving any benefit from the violative behavior of his counsel. A proper sanction order will deter future similarly situated counsel from ex parte communications with treating physicians.

Accordingly, the law firm of Bagby and Associates is disqualified as defense counsel in this case; and no attorney who has spoken to Dr. Stein, nor any documents generated as a result of that conversation, shall be involved in the transmission of the defense file to subsequent counsel. All matters are stayed for 45 days to permit Dr. Ager to retain other counsel.

In rejecting plaintiff's suggested sanction of preclusion in favor of the significantly lesser sanction imposed, this court is aware that in *Marek v. Ketyer,*[6] the Superior Court granted a new trial because the trial judge failed to preclude. Nonetheless, this court, under these circumstances, believes the sanction imposed is adequate and hopes that, unlike the quarterback who throws long because he knows a flag has been thrown against the defense, the plaintiff herein has not, by this court's leniency, been given one free jury verdict.

## ORDER

And now March 7, 2000, it is hereby ordered and decreed that:

(1) The law firm of Bagby and Associates is disqualified from the above-captioned matter in the representation of defendants Steven A. Ager M.D. and Ager Medical Associates P.C., d/b/a The Lawyer Stress Center, and defendants are permitted 45 days to arrange for new counsel; all proceedings are stayed for a period of 45 days.

(2) Information obtained from the improper conversation between counsel for defendant Ager and Arthur Stein M.D. shall not be transmitted to successor counsel or any other person.

---

6. 733 A.2d 1268 (Pa. Super. 1999).